UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UGOCHUKWU ANYAORAH,        )<br>    *Plaintiff*,                              )<br>                                              )<br>    *vs*.                                     )      1:12-cv-00504-JMS-MJD<br>                                              )<br>INDIANA UNIVERSITY-PURDUE UNIVERSITY )<br>AT INDIANAPOLIS, *et al.*,          )<br>    *Defendants*.                        ) | |

## ORDER

Presently before the Court in this action filed under 42 U.S.C. § 1983 is the Defendants' motion to dismiss.  [Dkt. 4.]

When reviewing a motion to dismiss, the Court accepts as true all non-conclusory allegations in the Complaint and draws all reasonable inferences from them in favor of the Plaintiff as the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  Additionally, given the Plaintiff's *pro se* status, the Court must take an especially liberal view of the allegations in the Complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  (quotations and citations omitted)).  The Court must dismiss the Complaint if the allegations and inferences show that the Complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. Pro. 12(b)(6).

According to the Complaint, the Plaintiff was "a victim of unprovoked police brutality" and the subject of an "unreasonable search and seizure of plaintiff and belongings."  [Dkt. 1 at 2, 3.]  Those alleged constitutional violations took place on "April 17, 2007, while [the Plaintiff

was] a student at Indiana University-Purdue University at Indianapolis." [*Id.* at 3.] The Plaintiff did not, however, file this action until April 17, 2012. [*Id.* at 1.]

In part because memories fade and because evidence may be lost with the passage of time, the law places limits—called "statutes of limitations—on how long plaintiffs can wait before filing actions in court. The law requires Indiana plaintiffs seeking to sue under 42 U.S.C. § 1983 to file their actions within two years after the actions at issue took place. *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011) ("The statute of limitations applicable to § 1983 suits in Indiana is two years." (citations omitted)).

Because the Plaintiff filed this action well outside the two-year window allowed, the Complaint shows that the Plaintiff has "pleaded him[self] out of court." As a consequence, a dismissal under Rule 12(b)(6) is appropriate. *Lekas v. Briley*, 405 F.3d 602, 603 (7th Cir. 2005). And given the facts that the Plaintiff has already pleaded, any amendment would be futile; therefore, no leave to amend will be given. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) ("[A] district court may refuse leave to amend where amendment would be futile." (citation omitted)).

The Defendants' motion to dismiss, [dkt. 4], is **GRANTED**. Final judgment will now issue.

06/15/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**

UGOCHUKWU ANYAORAH
9547 Carlyle Dr.
Indianapolis, IN 46240


**Distribution via ECF only:**

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com